SCHOTT, Judge.
Defendants have appealed from a judgment in favor of plaintiffs for $3500 for damages resulting from defendants’ breach of contract.
In May 1972, plaintiffs employed defendants to act as real estate appraisers in connection with property of plaintiffs which was the subject of litigation between plaintiffs and the Orleans Levee Board. Defendants’ compensation was to be $3500 plus a per diem for time spent by defendants testifying in court.
The Levee Board had already taken possession of a part of plaintiffs’ property and had commenced digging, dredging and accumulating spoil thereon.
The trial of the case between plaintiffs and the Board was scheduled for January, 1973, and would mainly concern plaintiffs’ damages. But in December, 1972, the Board notified plaintiffs that the project was being cancelled as a result of the rejection by the voters of a bond issue designed to pay for the project.
Plaintiffs’ case against the Levee Board was then converted into a claim for damages caused by the Levee Board’s activities on plaintiffs’ property and its occupancy of the property during some 21 months. De *31 fendants were notified to convert or modify their appraisal to conform to this new situation.
The trial date in January, 1973, was upset and in due course the case against the Board was scheduled for trial the following June. In the meantime a number of meetings were held between representatives of plaintiffs, defendant Tharpe, plaintiffs’ other appraiser, Frederick M. Guice and plaintiffs’ engineer, Frank C. Fromherz, in preparation for the trial. A few days before the trial of the case between plaintiffs and the Levee Board defendant Tharpe notified plaintiffs that he would be out of the country on another appraisal assignment on the day of the trial and would not be available for court testimony. Plaintiffs had Tharpe served with a subpoena but he did not appear for the trial. At the trial plaintiffs attempted to introduce defendants’ appraisal report but the trial judge properly maintained the objection made to the introduction of the report by the attorneys for the Levee Board and the report was not admitted into evidence. Plaintiffs recovered from the Levee Board a sum for damages sustained as a result of the Board’s activities and they recovered the fees of their attorney, their engineer and appraiser Guice for their services. Plaintiffs were unable to recover from the Levee Board the fee which they had paid to defendants because plaintiffs were unable to produce Tharpe as their witness at the trial. It is that fee which plaintiffs seek to recover from defendants in the instant case.
At the trial defendant Tharpe attempted to show that the change in the circumstances of the case from a permanent taking by the Levee Board to a temporary taking of 21 months created a brand new appraisal situation as opposed to a mere revision of his appraisal report. He attempted to identify his appraisal services with engineering services which were to be performed by Fromherz. The engineering problem had changed considerably as a result of the change in circumstances because of drainage problems which had been created on the land by the Levee Board’s activities while they were in possession. But aside from the fact that defendants provided no reasonable explanation as to why their services were in the same category as those of the engineers the other appraiser employed by plaintiffs, Mr. Guice, stated that when the situation changed he was simply required to make a mathematical computation to convert the claim from a permanent loss to a 21 month loss without any need to change the basic appraisal report.
Thus, when the case went to trial in June, 1973, without Tharpe, the report he had furnished to plaintiffs for $3500 was worthless to them. Its value as a report was entirely dependent upon its being supported at the trial with the live testimony of its author. The original contract clearly contemplated such a trial appearance and Tharpe’s failure to make that appearance constituted a breach of contract which caused the report’s price to be a total loss for plaintiff.
In this Court, defendants speak of a natural obligation plaintiffs had to compensate defendants for their work on the report and principles of equity running in defendants’ favor, but we find no basis for this position. Because of defendants’ conduct plaintiffs were unable to use the report. Surely they were not enriched by defendants’ work under these circumstances. Defendants lost the value of their services, not because of plaintiffs’ conduct but because of Tharpe’s failure to spend the little time in court which was necessary to give the report some value.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.